IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:13 cr 24-2

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Vs. | ) | ORDER |
| JOHN COLEMAN CARVER, III. | ) | |

**THIS CAUSE** came on to be heard and was heard before the undersigned pursuant to a Motion to Withdraw as Counsel (#25) filed by Defendant's attorney, Andrew Banzhoff. In the motion, Mr. Banzhoff states that "defendant has repeatedly refused to cooperate with counsel in discussing: 1) the evidence against him, 2) any defenses that he may be able to raise, 3) the plea offer extended by the United States, 4) his right to a trial by jury, and 5) the application of the United States Sentencing Guidelines in the event the defendant pleads guilty or is found guilty." At the call of this matter on for hearing it appeared that Defendant was present and his attorney Mr. Banzhoff was present and the Government was present and represented by Assistant United States Attorney Richard Edwards. From the statements of Mr. Banzhoff and the statements of the Defendant, the Court makes the following findings.

**Findings.** Mr. Banzhoff advised that after he had reviewed the discovery

1

provided by the United States, he scheduled a meeting with Defendant to come to Mr. Banzhoff's office for October 31, 2013 so the Defendant could review discovery and discuss his trial or plea options. Defendant rescheduled this meeting for November 5, 2013 and then did not appear for that appointment. Another appointment was then scheduled by Mr. Banzhoff with Defendant for November 15, 2013 and Defendant failed to appear at that meeting. Further telephone calls were made by Mr. Banzhoff's staff on November 18 and 19, 2013 and during one of the telephone calls, Defendant was overheard on the phone stating that he did not wish to speak to Mr. Banzhoff or to his legal assistant.

The undersigned conducted an inquiry with the Defendant and the Defendant advised that on one occasion he had had radiator problems with his vehicle and that was the reason he did not go to Mr. Banzhoff's office to keep an appointment. The Defendant did not make any further explanation in regard to his failure to cooperate or work with his attorney in regard to the defense of his case.

The trial of this matter is scheduled for the week of December 2, 2013. Mr. Banzhoff filed his motion on Tuesday, November 19, 2013 and the motion was heard on Monday, November 25, 2013. The week of November 25, 2013 contains the Thanksgiving holidays and thus even counting November 25, 2013 there are only three business days, that being the 25th, 26th and 27th before the trial of

Defendant's case on December 2, 2013.

**Discussion.** An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not a motion to withdraw should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). In considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why the Defendant will not meet with Mr. Banzhoff; and (3) whether or not there is such a conflict between the Defendant and Mr. Banzhoff that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

The first factor to be considered is the timeliness of the motion. Considering all days, including weekends and holidays, there are only now six days between the time of the hearing of the motion and the time that Defendant's case is scheduled for trial. It is the opinion of the undersigned that there is not sufficient time within which to appoint another attorney and for that attorney to be prepared for the trial

of this matter on December 2, 2013. This factor was weighed against granting the motion.

The undersigned has attempted to inquiry as to the reasons for the motion to withdraw. It appears that Defendant simply will not go and meet with his attorney and will not participate or work with his counsel in preparing any defense or even in consulting with his counsel to see if the case should be tried before a jury or if Defendant should enter a plea of guilty. The Defendant has intentionally neglected his case which may be to his detriment. Mr. Banzhoff has been diligent in trying to schedule meetings with Defendant and Defendant has failed to attend those meetings without good cause.

The undersigned has examined the matter to determine whether or not there is such a conflict between Mr. Banzhoff and the Defendant that there is a total lack of communication between them preventing an adequate defense. It appears there is no conflict between Defendant and Mr. Banzhoff whatsoever. The Defendant simply does not wish to participate in his own defense and further doesn't wish to assist his counsel in defending himself from the charges pending against him. The undersigned is of the opinion that Mr. Banzhoff is doing all that he can to prepare a defense, but he is limited by Defendant's own actions. The undersigned cannot weigh this factor in favor of granting the motion to withdraw.

After considering all of the factors, it appears there is little time before trial within which to appoint other counsel who has the knowledge of the case that Mr. Banzhoff possesses and to be ready for trial. The undersigned cannot find any reason why Defendant will not cooperate with his counsel, other than Defendant's own neglect. The undersigned also has determined there does not appear to be any conflict between Defendant and his counsel. The lack of communication that has occurred has been caused by the neglect of Defendant or a lack of interest on behalf of Defendant in defending the case. Based upon the foregoing, the undersigned has determined to enter an Order denying the motion to withdraw.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the Motion to Withdraw as Counsel (#25) of Andrew Banzhoff is hereby **DENIED.**

Signed: November 26, 2013

Dennis L. Howell
United States Magistrate Judge